UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN L. MURPHY, ) <br> d/b/a TRUE AUDIO, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **SOUNDVISION** ) <br> **TECHNOLOGIES, LLC,** ) <br> ) <br> **Defendant.** ) <br> ) | Civil Action No. _____ |

## COMPLAINT

Plaintiff John L. Murphy, d/b/a True Audio (hereinafter "Plaintiff"), in support of his claims against Defendant SoundVision Technologies, LLC (hereinafter "Defendant"), alleges the following:

## PARTIES

1. Plaintiff, John L Murphy, is an individual doing business as True Audio and residing at 387 Duncan Lane, Andersonville, Tennessee 37705-3515.

2. On information and belief, SoundVision Technologies, LLC, is a Utah limited-liability company having a principal place of business located at 198 North Old Highway 91, Suite 1, Hurricane, Utah 84737.

## JURISDICTION AND VENUE

3. This is an action for trademark infringement arising under 15 U.S.C. § 1114 and at common law, for unfair competition arising under 15 U.S.C. § 1125(a) and at common law,

1

for trademark dilution arising under 15 U.S.C. § 1125(c), and for violation of the Tennessee Consumer Protection Act arising under Tenn. Code Ann. § 47-18-101, *et seq*.

4. This Court has subject matter jurisdiction over Plaintiff's claims for trademark infringement, unfair competition, and trademark dilution pursuant to 15 U.S.C. § 1121, and 28 U.S.C. § 1331, 1332, and 1338.

5. On information and belief, Defendant has sold products within this judicial district and maintains contractual relationships with product dealers within this judicial district. Accordingly, this Court has personal jurisdiction over the Defendant.

6. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of Tennessee pursuant to 28 U.S.C. § 1367(a). On information and belief, these claims are so related to Plaintiff's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

7. Venue is proper in this judicial district pursuant to 28 USC § 1391.

## STATEMENT OF FACTS

8. Plaintiff is in the business of developing, manufacturing, and selling computer software for use in the design and testing of loudspeakers and other audio components. Since at least as early as February 25, 1997, Plaintiff has marketed and sold his audio design software products in interstate commerce using the trademark "TRUE AUDIO".

9. On February 28, 1997, Plaintiff filed a federal trademark application seeking registration of the trademark "TRUE AUDIO" on the United States Patent and Trademark Office ("USPTO") Supplemental Register for use in connection with his audio design software products. On December 16, 1997, the USPTO issued U.S. Trademark Registration No. 2,122,582 (hereinafter, "the '582 Registration") to Plaintiff for registration of the trademark

"TRUE AUDIO®" for use in connection with "computer software for the design of audio equipment, and instructional manuals sold therewith." A copy of the '582 Registration is attached hereto as **Exhibit A**.

10. On September 18, 2004, Plaintiff allowed the '582 Registration to be cancelled, however, Plaintiff continued using his "TRUE AUDIO" trademark throughout the United States in connection with his audio design software products, thereby maintaining his trademark rights in the "TRUE AUDIO" trademark. On September 13, 2005, Plaintiff filed a federal trademark application seeking registration on the USPTO Principal Register of his "TRUE AUDIO" trademark for use in connection with his audio design software products. On March 27, 2006, this application was amended to seek registration based on acquired distinctiveness of Plaintiff's "TRUE AUDIO" trademark under Section 2(f) of the United States Trademark Act, 15 U.S.C. § 1052(f).

11. On September 26, 2006, the USPTO issued U.S. Trademark Registration No. 3,148,270 (hereinafter, "the '270 Registration") to Plaintiff for registration on the USPTO Principal Register of the trademark "TRUE AUDIO®" for use in connection with "Computer programs for the design and testing of loudspeakers and other audio components and the manuals sold therewith," based on the acquired distinctiveness of Plaintiff's "TRUE AUDIO" trademark. A copy of the '270 Registration is attached hereto as **Exhibit B**.

12. Plaintiff is the owner of the domain name "trueaudio.com" and advertises and sells his products via an internet web page located at "http://www.trueaudio.com."

13. Plaintiff has expended substantial sums in promoting his goods and services under the "TRUE AUDIO®" trademark and has built up substantial goodwill in such mark. As a result of the extensive and substantial advertising and sales of products and services under the "TRUE

AUDIO®" trademark, and the maintenance of the highest quality standards relating thereto, the "TRUE AUDIO®" trademark has become well known to the public as a distinctive indication of the source and origin of Plaintiff's products, and is lawfully entitled to a broad ambit of protection against infringing uses. Accordingly, the "TRUE AUDIO®" trademark, and associated goodwill, is of substantial value to Plaintiff.

14. On information and belief, Defendant is engaged in the business of manufacturing and selling audio speakers, speaker components and accessories, and software products which are confusingly similar to Plaintiff's software products.

15. On information and belief, Defendant sells its products under the trade names "TruAudio," "((TruAudio))," and/or similar variations thereof, each of which is phonetically identical to Plaintiff's "TRUE AUDIO®" trademark. Photographs of Defendant's products, and advertising therefor, are attached hereto as **Exhibit C**.

16. On information and belief, Defendant is the registrant/owner of the domain name "truaudio.com," a domain name incorporating a phonetically identical variation of Plaintiff's "TRUE AUDIO®" trademark. On information and belief, Defendant sells its products through a system of dealers throughout the United States (hereinafter, the "Dealers") and advertises and/or sells its products directly via an internet web page located at "http://www.truaudio.com." A printout of Defendant's internet web page is attached hereto as **Exhibit D**.

17. Notwithstanding Plaintiff's superior rights in, and prior use of, the trademark "TRUE AUDIO®", and without authorization from Plaintiff, Defendant has been using marks which are confusingly similar to Plaintiff's "TRUE AUDIO®" trademark (i.e. "TruAudio," "((TruAudio))," and similar variations thereof), in connection with the sale of products which are

4

confusingly similar to Plaintiff's products, so as to create a likelihood of confusion with Plaintiff's "TRUE AUDIO®" trademark.

18. On information and belief, Defendant's unauthorized use of marks which are confusingly similar to Plaintiff's "TRUE AUDIO®" trademark (i.e. "TruAudio," "((TruAudio))," and similar variations thereof), in connection with the sale of products which are confusingly similar to Plaintiff's products, has resulted in actual confusion among consumers between the goods/services offered by Plaintiff and those of Defendant and/or between Plaintiff's and Defendant's respective businesses.

19. Defendant's unauthorized use of marks which are confusingly similar to Plaintiff's "TRUE AUDIO®" trademark (i.e. "TruAudio," "((TruAudio))," and similar variations thereof), in connection with the sale of products which are confusingly similar to Plaintiff's products, is likely to cause confusion, and has caused actual confusion, among consumers and misrepresents the origin of the goods and services offered by the Defendant. Such conduct by the Defendant has irreparably harmed, and continues to irreparably harm, Plaintiff, and dilutes the distinctive quality of Plaintiff's trademark.

20. On September 21, 2005, Defendant filed a federal trademark application seeking registration on the USPTO Principal Register of the trademark "((TRUAUDIO)) & Design" for use in connection with "audio-video speakers, multi-channel amplifiers, sub-woofers, and volume controls." On April 3, 2008, the USPTO issued an Office Action refusing registration of Defendant's "((TRUAUDIO)) & Design" trademark based in part on a likelihood of confusion with Plaintiff's "TRUE AUDIO®" trademark.

21. On October 3, 2008, Defendant filed a Response to the USPTO's April 3, 2008 Office Action, in which Defendant presented erroneous arguments in support of a finding of no

likelihood of confusion between Plaintiff's "TRUE AUDIO®" trademark and Defendant's "((TRUAUDIO)) & Design" trademark. On February 24, 2009, on information and belief, in light of the erroneous arguments submitted in Defendant's October 3, 2008 Response to Office Action, and notwithstanding the likelihood of confusion between Plaintiff's "TRUE AUDIO®" trademark and Defendant's "((TRUAUDIO)) & Design" trademark, the USPTO improperly issued U.S. Trademark Registration No. 3,580,529 (hereinafter, "the '529 Registration") to Defendant for registration of the trademark "((TRUAUDIO)) & Design" for use in connection with "audio-video speakers, multi-channel amplifiers, sub-woofers, and volume controls." A copy of the '529 Registration is attached hereto as **Exhibit E**.

## COUNT I

## TRADEMARK INFRINGEMENT

22. The allegations of paragraphs 1 through 21 above are restated and incorporated herein by reference.

23. Defendant's unauthorized use of marks which are phonetically identical and confusingly similar to Plaintiff's "TRUE AUDIO®" trademark (i.e. "TruAudio," "((TruAudio))," and similar variations thereof), in connection with the sale of products which are confusingly similar to Plaintiff's products, is likely to cause confusion of purchasers and the public in general, to cause mistake and to deceive the purchasing public and others. These acts constitute federal trademark infringement of Plaintiff's registered trademark "TRUE AUDIO®", and are in violation of 15 U.S.C. §1114. Defendant's acts also constitute common law trademark infringement.

24. By letter dated October 21, 2014, Plaintiff placed Defendant on notice of its superior trademark rights in the "TRUE AUDIO®" trademark. Notwithstanding Defendant's

6

Case 3:14-cv-02357 Document 1 Filed 12/16/14 Page 6 of 12 PageID #: 6

knowledge of Plaintiff's superior trademark rights in the "TRUE AUDIO®" trademark, Defendant has continued its unauthorized use of marks which are confusingly similar to Plaintiff's "TRUE AUDIO®" trademark (i.e. "TruAudio," "((TruAudio))," and similar variations thereof), in connection with the sale of products which are confusingly similar to Plaintiff's products. Accordingly, Defendant has willfully and intentionally infringed Plaintiff's trademarks and is willfully and intentionally continuing its wrongful infringement of Plaintiff's trademarks, causing irreparable damage to Plaintiff. Moreover, Defendant's acts of Federal and common law trademark infringement were committed with the intent to cause confusion and mistake, and to deceive, and to trade on the goodwill of Plaintiff.

25. Defendant knew or should have known that its continued unauthorized use, and/or its Dealers' continued unauthorized use, of marks which are confusingly similar to Plaintiff's "TRUE AUDIO®" trademark (i.e. "TruAudio," "((TruAudio))," and similar variations thereof), in connection with the sale of products which are confusingly similar to Plaintiff's products constitutes infringement of Plaintiff's trademark rights. Notwithstanding such actual knowledge and/or constructive knowledge of such trademark infringement, on information and belief, Defendant continues to supply its products to its Dealers, and continues to provide and maintain control over its Dealers' infringing activities, thereby facilitating continued infringement of Plaintiff's trademark rights.

26. Defendant's acts in encouraging and participating in its Dealers' efforts to infringe Plaintiff's "TRUE AUDIO®" trademark, and Defendant's control over its Dealers' infringing activity, constitute inducement of the Dealers to infringe Plaintiff's registered trademark "TRUE AUDIO®" and/or contributory infringement of Plaintiff's registered trademark "TRUE AUDIO®", in violation of 15 U.S.C. §1114 and common law.

27. Defendant's acts of trademark infringement, inducement to infringe Plaintiff's trademark, and/or contributory trademark infringement have irreparably damaged Plaintiff.

28. Further, Defendant's failure to cease its wrongful activities after receiving notice thereof evidences intent on the part of Defendant to continue to do the acts complained of herein unless restrained and enjoined. It would be difficult to ascertain the amount of compensation which could afford Plaintiff adequate relief for such continuing acts. Accordingly, Plaintiff's remedy at law is not adequate to compensate it for injuries threatened.

## COUNT II

## UNFAIR COMPETITION

29. The allegations of paragraphs 1 through 28 above are restated and incorporated herein by reference.

30. Defendant's unauthorized use of marks which are confusingly similar to Plaintiff's "TRUE AUDIO®" trademark (i.e. "TruAudio," "((TruAudio))," and similar variations thereof), in connection with the sale of products which are confusingly similar to Plaintiff's products, constitutes a false designation of origin which is likely to cause confusion, to cause mistake, and to deceive the public and potential customers as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's goods and/or services by Plaintiff. These acts are in violation of 15 U.S.C. § 1125(a), in that Defendant has used in connection with goods and services a false designation of origin and a false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff and as to the origin, sponsorship, and approval of Defendant's goods,

services and commercial activities by Plaintiff.  Such activities by Defendant also constitute acts of common law unfair competition.

33. Defendant's acts of federal and common law unfair competition were committed with the intent to cause confusion and mistake and to deceive the public.

32. Defendant's acts of federal and common law unfair competition have damaged Plaintiff.

33. Further, Defendant's failure to cease its wrongful activities after receiving notice thereof evidences intent on the part of Defendant to continue to do the acts complained of herein unless restrained and enjoined.  It would be difficult to ascertain the amount of compensation which could afford Plaintiff adequate relief for such continuing acts.  Accordingly, Plaintiff's remedy at law is not adequate to compensate it for injuries threatened.

## COUNT III

### VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT

34. The allegations of paragraphs 1 through 33 above are restated and incorporated herein by reference.

35. The acts and conduct of Defendant as alleged above constitute unfair and/or deceptive acts or practices pursuant to Tenn. Code Ann. § 47-18-101, *et seq*.  The acts and conduct of Defendant as alleged above violate at least subsections (1), (2), (3), (5), and (27) of Tenn. Code Ann. § 47-18-104(b).

36. Defendant's unfair and/or deceptive acts and conduct have damaged Plaintiff.

37. Further, Defendant's failure to cease its wrongful activities after receiving notice thereof evidences willful and/or knowing intent on the part of Defendant to continue to do the acts complained of herein unless restrained and enjoined.  It would be difficult to ascertain the

amount of compensation which could afford Plaintiff adequate relief for such continuing acts. Accordingly, Plaintiff's remedy at law is not adequate to compensate it for injuries threatened.

## COUNT IV

## CANCELLATION OF THE '529 REGISTRATION

38. The allegations of paragraphs 1 through 37 above are restated and incorporated herein by reference.

39. The "((TRUAUDIO)) & Design" mark and the goods/services set forth in the '529 Registration so resemble Plaintiff's "TRUE AUDIO®" trademark and goods/services as to be likely to be confused therewith and mistaken therefor.

40. The "((TRUAUDIO)) & Design" mark set forth in the '529 Registration so resembles Plaintiff's "TRUE AUDIO®" trademark as to be likely, when used on or in connection with the goods/services identified in the '529 Registration, to cause confusion, mistake, or deception among purchasers, potential purchasers and others. Purchasers, potential purchasers and others are likely to mistakenly believe that the Defendant's goods/services offered under the "((TRUAUDIO)) & Design" mark are produced, sponsored, endorsed or approved by Plaintiff, or are in some way affiliated, connected or associated with Plaintiff, causing damage and injury to Plaintiff.

41. Further, continued registration of the "((TRUAUDIO)) & Design" mark would confer upon Defendant statutory presumptions to which it is not entitled in view of Plaintiff's prior use of his "TRUE AUDIO®" trademark, resulting in further damage and injury to the Plaintiff.

42. Therefore, the '529 Registration should be cancelled under 15 U.S.C. §§ 1052(d) and 1064.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

    A.    That, in accordance with 15 U.S.C. § 1116(a), Defendant and all of Defendant's agents, servants, employees, officers, attorneys, successors and assigns and all other persons in active concert or participation with it, and/or controlled by it, be temporarily, preliminarily, and permanently enjoined from:

        i. using Plaintiff's trademarks, including without limitation "TRUE AUDIO®", any colorable imitations thereof, and/or any trademarks, service marks, trade names and/or domain names confusingly similar thereto including without limitation "TruAudio";

        ii. otherwise offering products for sale in a misleading manner, or misrepresenting Defendant's affiliation with Plaintiff or otherwise unfairly competing with Plaintiff and/or infringing Plaintiff's trademarks.

    B.    That Defendant, in accordance with 15 U.S.C. § 1116(a), be directed to file with the Court and serve upon Plaintiff, within thirty (30) days after issuance of any injunction, a written report setting forth in detail the manner and form in which Defendant has complied with the injunction.

    C.    That Defendant be required to account to Plaintiff for any and all profits derived by Defendant from the sale of their goods and/or services and for all damages sustained by Plaintiff by reason of said acts of infringement and unfair competition complained of herein.

    D.    That Plaintiff be awarded its damages, including corrective advertising damages, for Defendant's infringement and unfair competition, and the profits derived by Defendant pursuant to 15 U.S.C. § 1117 and the common laws of Tennessee.

E. That Plaintiff be awarded treble damages pursuant to 15 U.S.C. § 1117 and Tenn. Code Ann. § 47-18-109(a)(3) in view of Defendant's willful, knowing, and intentional conduct.

F. That the Court find this to be an exceptional case and award Plaintiff its reasonable attorney's fees pursuant to 15 U.S.C. § 1117 and Tenn. Code Ann. § 47-18-109(e)(1).

G. That Plaintiff be awarded punitive damages for intentional common law trademark infringement and unfair competition.

H. That Plaintiff be awarded its costs of this action pursuant to 15 U.S.C. § 1117 and Tenn. Code Ann. § 47-18-109(e)(1).

I. That the '529 Registration be cancelled and that registration of the mark for the goods/services therein specified be deemed invalid.

J. That Plaintiff be awarded such other and further relief that the Court deems just and proper.

Respectfully submitted,

JOHN L. MURPHY, d/b/a TRUE AUDIO

---

Robert E. Pitts (Tenn. BOPR# 01610)
    rpitts@pl-iplaw.com
Andrew C. Lake (Tenn. BOPR# 29952)
    alake@pl-iplaw.com
Jacob G. Horton (Tenn. BOPR# 25467)
    jhorton@pl-iplaw.com
Raymond E. Stephens (Tenn. BOPR# 15037)
    rstephens@pl-iplaw.com
PITTS & LAKE, P.C.
P.O. Box 51295
Knoxville, Tennessee 37950-1295
Phone: (865) 584-0105
Fax: (865) 584-0104

**Attorneys for Plaintiff**